M. F. DUNLAP *et al.*

*v.*

F. G. MCGHEE *et al.*

*Filed at Springfield March 21, 1881.*

1.  ADMINISTRATION—*claims allowed within two years are to be paid pro rata
in each class.*  Under the statute relating to the settlement of estates of de-

ceased persons, the administrator is required to pay the claims allowed at any time within two years, according to their classification, commencing with the first, and when the estate is insufficient to pay the whole of the demands, the demands in any one class shall be paid *pro rata*, without regard to the date of allowance, if within the two years.

2. When, at the end of the first year, a dividend is made as to the claims then allowed in the seventh class, after which and within the two years, other demands are allowed, the latter must be paid an equal per cent with the first before they can share in the second distribution, so as to place all creditors in the same class, proving their demands, upon an equal footing.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. W. P. CALLON, and Mr. J. B. CONNELL, for the appellants:

Under sections 111 and 112, Ch. 3, Rev. Stat. 1877, the court is required to order the executor or administrator to pay the claims which have been allowed, *pro rata,* and " upon every settlement shall proceed *in like manner* until all the debts are paid or the assets exhausted." The first of these sections peremptorily declares it to be the duty of the administrator to exhibit his accounts at the first term after the expiration of the date of his letters. And by section 113 it is made the duty of the court to enforce these settlements.

Thus it is made the duty of the court to order payment upon all claims allowed, without reference to any claims that may come in thereafter. The appellees had the same opportunity to present and prove their claims at the day fixed for adjustment, or before the first report, as the appellants, and therefore can not complain if they do not share in the amount awarded to the other creditors who had proved their demands. See also §§ 70 and 71.

If the rule is a hardship and fails to work equality the remedy is with the legislature and not the courts.

1881.]    DUNLAP *et al. v.* McGHEE *et al.*    289

Brief for the Appellees.    Opinion of the Court.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, and Mr. WM. BROWN, and Mr. R. D. RUSSELL, for the appellees:

Until questioned in this case, no practice was more generally acquiesced in, and no belief more prevalent than that creditors of a common class should share *pro rata* in the estate of a deceased .debtor, if their claims were presented within two years after grant of administration.

The only penalty attaching to a creditor who fails to prove his claim on the adjustment day, is the payment of costs. It is only those failing to present their claims within two years, who are excluded from participation in the assets of the estate.

The gross injustice that would result from appellants' construction is almost a conclusive argument against the merit of the position.

Under § 71 of the act relating to the administration of estates, all claims are required to be classed, and paid, commencing in the first class, and when the estate is insolvent the demands in any one class shall be paid *pro rata*, etc. This clearly shows that all claims of a particular class allowed within two years shall share in payment alike.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The facts appearing from this record are, that on February 28, 1877, letters of administration issued to Irwin Dunlap and James Dunlap, upon the estate of Stephen Dunlap, deceased. That the administrators fixed upon May 21, 1877, as the time for the adjustment of claims against the estate. That they made their first annual report to the county court of Morgan county, March 8, 1878, wherein they charged themselves with $11,324.65, applicable to the payment of 7th class claims. That the amount of 7th class claims at that time allowed was $13,026.66. That on the 18th of March, 1878, the report was approved and the administrators were ordered by the county court to pay a dividend of 48 per cent upon

all 7th class claims allowed up to that time, with which order they complied.

That on March 22, 1879, the administrators filed their second report, which was approved, charging themselves with a balance of $7,956.40, collected since their first report. On August 2, 1879, they made their third report, showing them to have on hand $15,607.83, it being the amount of what was on hand at the date of the second report and of what had been collected since; also showing that 82 claims in all, of the 7th class, had been allowed, showing the amount due on each claim, aggregating in all $62,521.32. The report was, on the same day, August 2, approved, and the moneys on hand were ordered by the county court to be distributed *pro rata* on all 7th class claims according to the respective amounts then due, as shown by the report.

Of the 43 claims proved and allowed after the first distribution, none were filed at the date of the first distribution, and a majority were not filed until the 17th of February, 1879. All the claimants who did not share in the first distribution appealed to the circuit court, which latter court reversed the judgment of the county court, and ordered the administrators to pay of the funds on hand only those whose claims were proved within two years and who did not share in the first distribution, until they should have received 48 per cent of their claims, or until the funds were exhausted. On appeal by those who did not, under this order of the circuit court, share in the last distribution, the first distributees, to the Appellate Court for the Third District, this judgment of the circuit court was affirmed, and said appellants then appealed to this court.

Section 70 of the act in regard to the administration of estates, (Rev. Stat. 1874, p. 116,) provides: "All demands against the estate of any testator or intestate shall be divided into classes, in manner following, to-wit, (enumerating the demands in the first six classes):

"*Seventh.*—All other debts and demands of whatsoever kind,

without regard to quality or dignity, which shall be exhibited to the court within two years from the granting of letters, as aforesaid," etc.

Section 111 provides that all executors and administrators shall exhibit accounts of their administration, for settlement, to the county court from which the letters were obtained, at the first term thereof after the expiration of one year after the date of their letters, and, in like manner every twelve months thereafter, or sooner, if required, until the duties of their administration are fully completed.

Section 112 is: "Upon every such settlement of the accounts of an executor or administrator, the court shall ascertain the whole amount of moneys and assets belonging to the estate of the deceased, which have come into the hands of the executor or administrator, and the whole amount of debts established against such estate; and if there is not sufficient to pay the whole of the debts, the moneys aforesaid shall be apportioned among the several creditors *pro rata,* according to their several rights as established by this act; and thereupon the court shall order such executor or administrator to pay the claims which have been allowed by the court, according to such apportionments; and the court, upon every settlement, shall proceed in like manner until all the debts due are paid or the assets exhausted."

Appellants rely upon these sections, 111 and 112, in support of their claim, for a *pro rata* dividend on the unpaid portion of their demands in this second distribution, the same as if they had never received a former dividend of 48 per cent. Were there no more upon the subject than these two sections, they might seem to countenance the claim. But there is section 71 standing in the way, which is as follows:

Section 71. "All claims against estates, when allowed by the county court, shall be classed and paid by the executor or administrator in the manner provided in this act, commencing with the first class; and when the estate is insufficient to pay the whole of the demands, the demands in any one class

shall be paid *pro rata,* whether the same are due by judgment, writing obligatory, or otherwise, except as otherwise provided."

Appellants' construction does not consist with, and does utter violence to, this section. By the 70th section all demands not enumerated in the first six classes, which are exhibited within two years from the granting of letters, are placed together and constitute the 7th class, and this section 71 declares that when the estate is insufficient to pay the whole of the demands, the demands in any one class shall be paid *pro rata.* The language is peremptory and unqualified. The demands of both appellants and appellees are of the 7th class. Appellants, on their demands, have received 48 per cent, because,.during the first year of administration and at the time of the making of the first annual report and dividend, they had proved their claims. Appellees have received nothing on their claims, because, at the time of the first dividend, they had not proved their claims, but they have proved them within the time given by the statute, viz: two years from the taking out of the letters, and this entitles them to rank in the 7th class with appellants' claims, and to be paid *pro rata* with them.

Nowhere in the statute is there given a preference in favor of claims established during the first year of administration, nor is there a discrimination made against those which may be established after the first and within the second year of administration.

The provision of the statute is equality in payments. Appellants occupy no vantage ground other than the accidental circumstance of having first proved their claims. There was nothing to interfere here in any way with the carrying out of this rule of equality, the funds being all on hand and capable of being distributed, in accordance with such rule, and we see no reason why it should not prevail.

There is nothing in said sections 111 and 112 of sufficient force to overcome it.

The order of the circuit court, that those of this 7th class who shared in the first distribution and had received 48 per cent of their demands should, in the second distribution, be postponed until those of the same class, who had subsequently proved their claims and received nothing before, had been paid an equal percentage on their demands, was but in obedience to the statutory direction that the demands in any one class shall be paid *pro rata,* and we hold it to be correct.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*